UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| HERBERT G. WARDEN, | ) |
| Plaintiff, | ) Civil Action No. 11-52-KKC |
| vs. | ) |
| JASON TERRIS, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Herbert G. Warden is an inmate incarcerated at the Federal Medical Center in Lexington, Kentucky. Warden has filed a *pro se* civil rights action under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] The Court has granted Warden's motion [R. 3] to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915 by prior Order. [R. 8] Having reviewed the Complaint,[1] the Court must dismiss it because Warden's Complaint establishes that he failed to properly exhaust his administrative remedies as required by federal law.

I.   **Factual Background**

In his Complaint, Warden explains that he was diagnosed with Alzheimer's disease prior to his arrival at FMC-Lexington in September 2009, and from dementia as a result of the condition. Correspondence dated June 18, 2008, from Dr. Craig Woodward indicates that he has treated Warden for related cognitive impairment and diabetic peripheral neuropathy since September 2003, and that

---

[1] The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

Warden's dementia has been successfully treated with the medication Aricept. [R. 1 Exh. D at 1]

Shortly after his arrival at FMC-Lexington, on October 20, 2009, Warden underwent an extended neurological consultation by Dr. Franca Cambi, M.D., Ph.D., a doctor and professor of neurology at the University of Kentucky Department of Neurology. By letter dated October 21, 2009, Dr. Cambi provided detailed examination notes to Dr. Francisco Rios, M.D., at the Bureau of Prisons, in which she recommended, amongst other things, the continued use of Aricept and Namenda to treat Warden's dementia. [R. 1 Exh. A at 1, Exh. C at 2]

Notwithstanding that recommendation, the Bureau of Prisons medical staff at FMC-Lexington discontinued his medications for Aricept and Namenda in January 2010. [R. 1 at 4] After a followup examination on April 13, 2010, Dr. Cambi wrote Dr. Rios and expressed her professional opinion that the prescriptions of both Aricept and Namenda would be beneficial in the treatment of Warden's dementia, and "I would greatly appreciate if you would restart the Aricept 10 mg one tablet per day and the Namenda 10 mg twice a day." [R. 1 Exh. A at 1, 2]

On May 27, 2010, Warden filed a grievance with the warden challenging the discontinuation of his prescriptions for Aricept and Namenda. [R. 1 Exh. E at 4] Warden Deborah Hickey formally responded to his grievance on July 7, 2010, noting that the because "long-term uses of these medications produce little clinical benefit in the treatment of Alzheimer's ... the Clinical Director has determined that the risk benefit ratio does not support continued prescribing of this medication." [R. 1 Exh. E at 5]

Warden challenged that determination in an appeal to the Mid-Atlantic Regional Office dated July 21, 2010, in which he acknowledged that while "there is no cure for Alzheimer's dementia, [] this medication increases my chances for a few more years of cognizance within which I can enjoy my family and loved ones." [R. 1 Exh. E at 3] On October 25, 2010, MARO administratively denied Warden's appeal, but noted that as a result of a medical review, on July 14, 2010, he was prescribed Aricept and

Namenda for a six-month period, which was extended for a further six-month period on September 27, 2010. [R. 1 Exh. E at 2] Warden indicates that he "was satisfied with the answer that they would not again deprive him of his medication and did not exhaust any further." [R. 1 at 8]

In his Complaint, Warden indicates that his current prescription period for these two medications, from September 27, 2010, to March 27, 2011, is coming to an end, and he "fear[s] they might take his medication again for three months, ..." [R. 1 at 6] Warden seeks compensatory and punitive damages for the two 3-month periods during which he was denied the medications, presumably from its discontinuation in January 2010 to its resumption on July 14, 2010.

## II. Discussion

Federal law requires a prisoner challenging prison conditions pursuant to 42 U.S.C. § 1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). Contrary to plaintiff's argument, this requirement applies to all suits which relate to the aspects of prison life, including medical care, *cf. Witzke v. Femal*, 376 F.3d 744, 751 (7th Cir. 2004); *Wilson v. Seiter*, 501 U.S. 294, 299 n.1 (1991), and regardless of whether the prison grievance system is capable of providing the redress sought in the complaint, such as monetary damages. *Booth v. Churner*, 532 U.S. 731, (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.")); *Massey v. Helman*, 259 F.3d 641, 646 (7th Cir. 2001).

The Inmate Grievance System implemented by the Bureau of Prisons requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13, .14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied

with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16.

In his Complaint, Warden acknowledges that after his prescriptions for Aricept and Namenda were reinstated on July 14, 2010, for a six month period, and further extended for six months after September 27, 2010, he did not appeal from MARO's October 25, 2010, denial of his administrative appeal. [R. 1 at 8] His claims for monetary damages for the failure of medical staff to continue his prescriptions for these medications between January and July 2010 are therefore unexhausted and must be dismissed. *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") Further, because the time frame within which Warden must have appealed to the BOP's Central Office has long since passed, he cannot now timely appeal MARO's denial, and the dismissal of his claims must be with prejudice. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."); *Davis v. United States*, 272 F. App'x 863, 865-66 (11th Cir. 2008) ("Because § 542.14(a) requires both the informal and the formal request to be made within twenty days of the alleged deliberate indifference, Davis's request for an administrative remedy was untimely. Therefore, the district court properly dismissed Davis's Eighth Amendment claim for failure to exhaust."); *Lock v. Nash*, 150 F. App'x 157, 158 (3d Cir. 2005).

Finally, the Court notes that the record reflects a difference of medical opinion between two physicians regarding whether the benefits of Aricept and Namenda outweigh the risks of taking the medication, perhaps in light of Warden's numerous other medical conditions. While a prescribed course of treatment may constitute medical malpractice if it falls below the applicable standard of care, it will not violate the Eighth Amendment unless the treating physician's conduct indicates deliberate indifference to the inmate's serious medical needs, such as by disregarding a known serious risk to the

4

inmate's health.  *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) ("malpractice does not violate the Eighth Amendment; instead the suit charges that the defendants inflicted cruel and unusual punishment on the plaintiff by refusing to treat his condition.")  The mere fact that an another physician would choose a different course of treatment does not, of itself, indicate deliberate indifference by a prison physician.  *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996); *Brooks v. Celeste*, 39 F.3d 125, 128-29 (6th Cir. 1994).  While not necessary for the disposition of this case, Warden's allegations do not include this kind of knowing disregard for his serious medical needs, but simply his belief that BOP medical staff lacked the necessary knowledge to appropriately treat his specialized medical needs.  Such allegations, even if true, sound in negligence, and do not suffice to state a claim for deliberate indifference under the Eighth Amendment.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate Judgment.

Entered this 4th day of February, 2011.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**